### THOMASSON v. BUMPASS et al.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1897.)

#### No. 182.

PATENTS—INFRINGEMENT—POULTRY CRATES.

The Thomasson patent, No. 444,561, for an improved poultry crate for shipping live poultry, construed, and held not infringed. 74 Fed. 243, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

This is a bill in equity, in usual form, by Robert G. Thomasson, appellant, against Charles W. Bumpass and William McCandlish, appellees, praying an injunction and other relief for the infringement of appellant's patent, No. 444,561, dated January 13, 1891, for an improved poultry crate to be used in shipping live poultry. The defenses principally relied upon by the appellees are noninfringement and want of patentable invention. The court below (Judge Hughes), upon final hearing, held that the crate made by the appellees did not have the wicker bottom of the appellant's patent, and did not infringe. 74 Fed. 243. The complainant appealed.

F. W. Sims and John G. May, for appellant.

B. B. Munford, for appellees.

Before SIMONTON, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

MORRIS, District Judge. The appellant, in the specification of his patent, states that his invention consists in the novel construction and combination of the parts of a poultry coop for shipping purposes, which, he states, combines strength and durability, and is easily and cheaply made. He gives a minute description of the details of the construction, nearly all the elements of which are obviously old, but he does not indicate what it is that he has invented or considers new, otherwise than by his two specific claims. In his testimony, in describing what it was that he invented, he does state that it was new, and resulted in a great saving of time and material, to adopt his method of weaving the splits in the wicker bottom, using broader and stouter splits, as contrasted with the old wicker bottoms, woven as a basket is, and also he claims, in his testimony, that it was new to put on the wire netting in the manner in which he did; but neither of these things is pointed out in

his specifications, nor in his claims. A patent grants no exclusive right except to what is distinctly covered by the claims. Grant v. Walter, 148 U. S. 547, 13 Sup. Ct. 699; Western Electric Manuf'g Co. v. Ansonia Brass & Copper Co., 114 U. S. 447, 5 Sup. Ct. 941; Ashton Valve Co. v. Coale Muffler & Safety-Valve Co., 3 C. C. A. 98, 52 Fed. 318; McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76. .The first claim of the patent is as follows:

. "(1) .The chicken coop, or crate, comprising the bottom, having the side and end projecting portions forming the normally upturned portions, or sides and ends, of the coop, connected together by the short tucked-in corner pieces or strips, and the inner and outer opposite strips, or pieces, lapping and secured to the top edge strips of the sides, and suitably reinforced thereat, substantially as and for the purpose set forth."

It is obvious, from the proof and the exhibits, that the appellee does not infringe this claim. He uses a wicker bottom, which, perhaps, is woven and fastened together in a manner similar to that used by the appellant, but he does not use a bottom having the sides and ends upturned and connected together by strips secured to the top edge strips of the sides. He uses a flat wicker bottom, without sides or ends, and for the sides and ends of the coop bottom he uses boards nailed to the bottom, and made secure by long pieces of hoop iron nailed across the bottom, and turned up and fastened on the sides.

The second claim of the patent is as follows:

"(2) The chicken coop, consisting of the bottom wickerwork portion, having side and end portions held together as described, and having upper and lower bottom reinforcing pieces or strips, also reinforcing metallic pieces or strips near their corner edges, the wire netting covered bows with their braces or stays, said bows being secured to the said bottom portion, the upright stays or braces secured to said bottom portion, and the end bows and the reinforcing metal pieces secured to said upright stays and to said bottom portion, and to the central top brace of said bottom and the central underneath strip or brace of said bottom portion, substantially as set forth."

If this claim is for the appellant's wicker bottom, with its sides and ends made as described in the first claim, in combination with the other parts of the chicken coop, it may, possibly, be sustainable; but, as appellees do not use appellant's special wicker bottom with the sides and ends, they do not infringe the combination. If, however, it be contended that this claim covers any equivalent for appellant's wicker bottom, then, we think, it is manifestly invalid. Discarding appellant's peculiar bottom, with its sides and ends, and substituting any well-known tray made of boards or tin or other material, there is nothing left that is patentable. It is a cage made by erecting on the tray a rectangular frame, made of four bent bows of wood, stayed by three wood crosspieces, strengthened by hoop iron where additional strength is needed, and the whole covered with wire netting. There is no novelty in any means used or result obtained. Every element is old in itself, and has been used in coops and cages. .

It is testified that appellant's coop, by reason of its rectangular shape, is more convenient for railroad transportation than the old dome-shaped chicken coop; but to adopt that form did not require

invention, and it is not suggested in the specification as new. It is said that appellant's coop, by reason of its being stayed by hoop iron or metallic pieces, better withstands transportation; but that is mere improvement in manufacture. The only feature which is not obviously mere mechanical improvement in the construction of what was well known in making crates, coops, and cages is appellant's method of weaving the wicker bottoms, and forming the sides and ends by bending up the bottom strips and securing them; and, as the appellees do not use this feature, there is no infringement. The court below so held, and its decree is affirmed.